23. Signatures delivered by electronic mail or facsimile shall have the same force and effect as original signatures.

24. Neither the Trustee nor the Debtor's estate shall be liable or responsible for the payment of fees or expenses of Koptiev.

25. Nothing contained in these Stalking Horse Terms and Conditions of Sale is intended to supersede or alter any provisions of the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Stalking Horse Terms and Conditions of Sale are subject to modification as may be directed by the Trustee, on written notice to Koptiev. The Trustee reserves the right to modify these Stalking Horse Terms and Conditions of Sale to maintain consistency with the provisions of the Bankruptcy Code and/or orders of the Bankruptcy Court.

26. Koptiev acknowledges having read these Stalking Horse Terms and Conditions of Sale and agrees to be bound by them.

27. If the Trustee is unable to deliver title to the Property in accordance with these Stalking Horse Terms and Conditions of Sale for any reason whatsoever, her only obligation will be to refund the Deposit or the Additional Deposit (as applicable) to Koptiev and, upon such refund, Koptiev shall not have any claim or recourse whatsoever against Property or the Trustee, the Debtor's estate, and/or the Trustee's professionals.

28. The Sale of the Property is subject to confirmation by the Trustee and Bankruptcy Court approval.

29. The Trustee reserves her right to withdraw the Property from Sale for any reason whatsoever at any time as she deems necessary or appropriate and, if she withdraws the Property from Sale, her only obligation will be to refund the Deposit or the Additional Deposit (as applicable) to Koptiev and, upon such refund, Koptiev shall not have any claim or recourse whatsoever against Property or the Trustee, the Debtor's estate, and/or the Trustee's professionals.

30. The Bankruptcy Court shall determine any disputes concerning the Sale of the Property. Koptiev consents to the jurisdiction of the Bankruptcy Court to determine such disputes.

I have read these Stalking Horse Terms and Conditions of Sale and agree to be bound by them.

Dated: June 24, 2026

Arthur Koptiev

# EXHIBIT C

# COMPETING TERMS AND CONDITIONS OF SALE

1. These Competing Horse Terms and Conditions of Sale are entered into in connection with the sale ("Sale") of the real property and improvements known as and located at 2281 Church Avenue, Brooklyn, New York 11226 ("Property").

2. The seller of the Property is Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"). The Debtor's Chapter 7 bankruptcy case is pending in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") under case no. 24-43449-jmm. The Trustee's obligations under these Competing Horse Terms and Conditions of Sale are entirely subject to, and contingent upon approval by the Bankruptcy Court.

3. Arthur Koptiev, or an entity to be formed and owned solely by him ("Koptiev"), offered to purchase the Property for the sum of $4,550,000.00 subject to: (a) certain Stalking Horse Terms and Conditions of Sale; and (b) higher or better offers that may be tendered by any other person(s) to the Trustee.

4. By Order entered on June ___, 2026, the Bankruptcy Court, inter alia, approved the Stalking Horse Terms and Conditions of Sale and these Competing Terms and Conditions of Sale.

5. To bid on the Property, an offeror must by 11:59 p.m. on _____________, 2026 ("Sonication Period"): (a) sign these Competing Terms and Conditions of Sale; (b) bid not less than $4,600,000.00 for the Property; and (c) deposit the sum of $460,000.00 ("Deposit") with the Trustee by wire transfer from an account of such offeror, or counsel on such offeror's behalf, which Deposit will be maintained by the Trustee in a segregated estate account.

6. To the extent the Trustee receives a higher or better offer for the Property in accordance paragraph 5 of these Competing Terms and Conditions of Sale, the Trustee shall schedule a date and time to conduct an auction sale of the Property ("Auction"), notice of which will be separately provided by the Trustee. The Auction shall be conducted within approximately five (5) days of the expiration of the Solicitation Period. The Trustee shall determine the highest and best bid for the Property at the Auction ("Auction Price"). For avoidance of doubt, Koptiev may bid at such Auction.

7. __________________________ ("Offeror") hereby offers to purchase the Property for the sum of $__________________________.

8. Offeror represents and warrants that Offeror: (a) is capable of performing Offeror's obligations under these Competing Horse Terms and Conditions of Sale; and (b) has the financial wherewithal to perform Offeror's obligations under these Competing Horse Terms and Conditions of Sale.

9. Except as set forth below: (a) Offeror has no connections or ownership interest in the Debtor; (b) Offer has no connections to Koptiev; and (c) other than the Debtor's Chapter 7 case, Offeror has no connections to the Trustee or the Trustee's professionals.

__________________________________

__________________________________

________________________________
________________________________
________________________________

10. If Offeror is the successful bidder for the Property at the Auction, within forty-eight (48) hours of the Auction, Offeror shall deliver to the Trustee, by wire transfer from an account (or accounts) of Offeror, or Offeror's counsel on Offeror's behalf, an amount equal to 20% of the Auction Price <u>minus</u> the amount of the Deposit, as and for a good faith deposit (such amount, plus the Deposit, hereinafter "<u>Additional Deposit</u>").

11. Offeror must close title to the Property within thirty (30) days from entry of an Order of the Bankruptcy Court authorizing and approving the sale of the Property to Offeror ("<u>Closing Date</u>"), **TIME BEING OF THE ESSENCE** as to Offeror, although such date may be extended solely by the Trustee.

12. On or before the Closing Date, Offeror must pay the balance of the Auction Price to the Trustee by wire transfer from an account (or accounts) of Offeror, or Offeror's counsel on Offeror's behalf, to close title to the Property ("<u>Closing</u>"). The Closing shall take place on or before the Closing Date at the offices of the attorneys for the Trustee, LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793 or remotely, as elected by the Trustee.

13. Real estate taxes, water and sewer charges will be apportioned as of 12:00 a.m. on the Closing Date. There will be no other apportionments pertaining to the Property.

14. Offeror shall be solely responsible for the payment of any city, county, or state transfer taxes incurred in connection with the transfer of the Property to Offeror.

15. In connection with the Closing and Closing Date, Offeror is hereby given notice that **<u>TIME IS OF THE ESSENCE against Offeror and the failure of Offeror to close for any reason whatsoever (except as otherwise provided below), including Offeror's failure to pay the balance of the Auction Price on the Closing Date, will result in the Trustee retaining the Deposit or the Additional Deposit (as applicable) and the termination of Offeror's right to acquire the Property under these Competing Horse Terms and Conditions of Sale</u>**. The Trustee's right to retain the monies paid including, without limitation, the Deposit or the Additional Deposit (as applicable), is not a penalty but rather liquidated damages and it is hereby agreed and acknowledged by the parties hereto that the amount of damages sustained by the Trustee are difficult to determine and the liquidated damages set forth herein are reasonable under the circumstances. Offeror shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit Offeror to cancel or avoid Offeror's obligation under these Competing Horse Terms and Conditions of Sale other than the Trustee's inability to deliver insurable title to the Property. **Expenses incurred by Offeror including concerning any due diligence including, but not limited to, obtaining title reports and legal fees, shall be the sole responsibility of Offeror and under no circumstances shall the Trustee, the estate or the Trustee's professionals be responsible for, or pay, such expenses.**

16. The Trustee and her professionals, including the Trustee's retained broker, MYC &

Associates, Inc., have not made, and do not make, any representations or warranties of any kind, including, but not limited to, as to the physical condition, expenses, operations, leases, rents, tenancies, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property that might be pertinent to the purchase of the Property, and including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Property; (b) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (e) the current or future use of the Property; (f) the present and future condition and operating state of any and all machinery or equipment on the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property on the Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Property; or (j) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property. Offeror hereby expressly agrees and acknowledges that no such representations or warranties have been made. The Trustee and her professionals, including the Trustee's retained broker, MYC & Associates, Inc., are not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Trustee.

17. The Property is being sold:

(a) "**AS IS" "WHERE IS"**, **"WITH ALL FAULTS,"** without any representations, covenants, guarantees or warranties of any kind or nature whatsoever;

(b) free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and

(d) subject to, among other things:

(i) any and all occupancies and tenancies;

(ii) any state of facts that an accurate survey may show;

(iii) any state of facts a physical inspection may show;

(iv) any covenants, restrictions and easements of record;

(v) any building or zoning ordinances or other applicable municipal regulations and violations thereof;

(vi) environmental conditions; and

(vii) any and all non-monetary violations existing on the Property as of the Closing Date.

18. Offeror acknowledges that Offeror has had the opportunity to review the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on Offeror's own independent investigation of the Property. Neither the Trustee nor any of her representatives, including the Trustee's retained broker, MYC & Associates, Inc., make any representations or warranties with respect to the permissible uses of the Property, including, but not limited to, the zoning of the Property. Offeror acknowledges that Offeror has conducted Offeror's own due diligence in connection with the Property and is not relying on any information provided by the Trustee or the Trustee's professionals.

19. The Trustee shall convey the Property by delivery of a Trustee's Deed. The quality of title shall be that which any reputable title insurance company authorized to do business in the State of New York is willing to approve and insure. The Trustee may at her option arrange for the issuance of a title insurance policy by such a company at Offeror's sole cost and expense.

20. If Offeror is <u>not</u> the highest or best offeror for the Property at the Auction, then: (a) these Competing Horse Terms and Conditions of Sale shall be deemed null and void, with no liability accruing hereunder to either Offeror or the Trustee (except as otherwise expressly provided herein); (b) the Deposit will be returned to Offeror within five (5) business days after the Auction; and (c) except as otherwise expressly provided in this paragraph, Offeror shall have no further rights or remedies of any kind hereunder.

21. Any notices to the Trustee and/or Offeror hereunder shall be sufficient if sent by email or overnight mail to counsel for such party as follows:

| <u>If to Offeror:</u> | <u>If to the Trustee:</u> |
|---|---|
| ______________________<br>______________________<br>______________________<br>______________________<br>______________________ | LaMonica Herbst & Maniscalco, LLP<br>Attn.: Holly R. Holecek, Esq.<br>3305 Jerusalem Avenue, Ste. 201<br>Wantagh, New York 11793<br>Email: hrh@lhmlawfirm.com |

22. Signatures delivered by electronic mail or facsimile shall have the same force and effect as original signatures.

23. Neither the Trustee nor the Debtor's estate shall be liable or responsible for the payment of fees or expenses of Offeror.

24. Nothing contained in these Competing Horse Terms and Conditions of Sale is intended to supersede or alter any provisions of the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Competing Horse Terms and Conditions of Sale are subject to modification as may be directed by the Trustee, on written notice to Offeror. The Trustee reserves the right to modify these Competing Horse Terms and Conditions of Sale to maintain consistency with the provisions of the Bankruptcy Code and/or orders of the Bankruptcy Court.

25. Offeror acknowledges having read these Competing Horse Terms and Conditions of Sale and agrees to be bound by them.

26. If the Trustee is unable to deliver title to the Property in accordance with these Competing Horse Terms and Conditions of Sale for any reason whatsoever, her only obligation will be to refund the Deposit or the Additional Deposit (as applicable) to Offeror and, upon such refund, Offeror shall not have any claim or recourse whatsoever against Property or the Trustee, the Debtor's estate, and/or the Trustee's professionals.

27. The Sale of the Property is subject to confirmation by the Trustee and Bankruptcy Court approval.

28. The Trustee reserves her right to withdraw the Property from Sale for any reason whatsoever at any time as she deems necessary or appropriate and, if she withdraws the Property from Sale, her only obligation will be to refund the Deposit or the Additional Deposit (as applicable) to Offeror and, upon such refund, Offeror shall not have any claim or recourse whatsoever against Property or the Trustee, the Debtor's estate, and/or the Trustee's professionals.

29. The Bankruptcy Court shall determine any disputes concerning the Sale of the Property. Offeror consents to the jurisdiction of the Bankruptcy Court to determine such disputes.

I have read these Competing Horse Terms and Conditions of Sale and agree to be bound by them.

Dated: _____________, 2026

_________________________________
[name of offeror]

_______________________
[name and title of signatory if a company]

_______________________
[address]

_______________________
[city, state zip]

_______________________
[phone]

_______________________
[email]

# EXHIBIT D

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC, | Case No.: 24-43449-jmm |
| Debtor. | |

-----------------------------------------------------x

**NOTICE OF SALE**

**PLEASE TAKE NOTICE** that Lori Lapin Jones is the Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"), which Debtor's Chapter 7 case is pending in the United States Bankruptcy Court for the Eastern District of New York ("Court") before Chief Judge Jil Mazer-Marino.

**PLEASE TAKE FURTHER NOTICE** that the Debtor owns the real property and improvements known as and located at 2281 Church Avenue, Brooklyn, New York 11226 (Kings County, Block 5089, Lot 48) ("Property"). The Property consists of a 6,288 square foot lot improved by approximately 11,828 square feet of commercial retail space. There are seven (7) retail occupants on the ground floor and one (1) commercial occupant on the 2nd floor.

**PLEASE TAKE FURTHER NOTICE** that, by Order entered on _____________, 2026 ("Authorization Order"), the Court approved, inter alia, certain Stalking Horse Terms and Conditions of Sale providing for the purchase of the Property by Arthur Koptiev, or an entity to be formed and owned solely by him ("Koptiev"), for the sum of $4,550,000.00, higher or better offers that may be tendered to the Trustee by any other entity or person. In accordance with the Authorization Order and the Stalking Horse Terms and Conditions of Sale, the Trustee is soliciting higher or better offers for the Property.

**PLEASE TAKE FURTHER NOTICE** that to bid on the Property, an offeror must by 11:59 p.m. on ____________, 2026 ("Solicitation Period"): (a) sign certain Competing Terms and Conditions of Sale; (b) bid not less than $4,600,000.00 for the Property; and (c) deposit the sum of $460,000.00 ("Deposit") with the Trustee by wire transfer from an account of such offeror, or counsel on such offeror's behalf, which Deposit will be maintained by the Trustee in a segregated estate account.

**PLEASE TAKE FURTHER NOTICE** that, to the extent the Trustee receives a higher or better offer for the Property before the expiration of the Solicitation Period, the Trustee shall schedule a date and time to conduct an auction sale of the Property ("Auction"), notice of which will be separately provided by the Trustee. The Auction shall be conducted within approximately

five (5) days of the expiration of the Solicitation Period. For avoidance of doubt, Koptiev may bid at such Auction.

**PLEASE TAKE FURTHER NOTICE** that the successful bidder (which may be Koptiev) must close title to the Property within thirty (30) days from entry of an Order of the Bankruptcy Court authorizing and approving the sale of the Property ("Closing Date"), **TIME BEING OF THE ESSENCE** as to the successful bidder (which may be Koptiev), although such date may be extended solely by the Trustee.

**PLEASE TAKE FURTHER NOTICE** that the Property is being sold:

(A) "**AS IS" "WHERE IS"**, **"WITH ALL FAULTS,"** without any representations, covenants, guarantees or warranties of any kind or nature whatsoever;

(B) free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and

(C) subject to, among other things:

(i) any and all occupancies and tenancies;

(ii) any state of facts that an accurate survey may show;

(iii) any state of facts a physical inspection may show;

(iv) any covenants, restrictions and easements of record;

(v) any building or zoning ordinances or other applicable municipal regulations and violations thereof;

(vi) environmental conditions; and

(vii) any and all non-monetary violations existing on the Property as of the date of the closing on the sale of the Property.

**PLEASE TAKE FURTHER NOTICE** that: (i) to the extent the Trustee does not receive a higher or better offer for the Property before the expiration of the Solicitation Period, a hearing to confirm the sale of the Property shall be held before the Court on _______________, 2026 before Chief Judge Jil Mazer-Marino; or, alternatively (ii) to the extent the Trustee receives a higher or better offer for the Property before the expiration of the Solicitation Period and an Auction is held, a hearing to confirm the sale of the Property shall be held before the Court on _______________, 2026 before Chief Judge Jil Mazer-Marino.

**PLEASE TAKE FURTHER NOTICE** that the hearing to confirm the sale of the Property contemplated in the preceding paragraph shall be conducted by telephone, video or in person, as the Court deems appropriate. Whether the hearing is in person or remote, to appear, parties must register through eCourt Appearances, which can be accessed here: https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl.[1]

**PLEASE TAKE FURTHER NOTICE** that any requests for additional information about the Property, and copies of the Competing Terms and Conditions of Sale, may be obtained by contacting the Trustee's broker or the Trustee's counsel listed below.

**MYC & Associates, Inc.**
Marc P. Yaverbaum
1110 South Avenue, Suite 22
Staten Island, New York 10313
Telephone: (347) 273-1258
Email: my@myccorp.com

**Lori Lapin Jones, Esq., as Chapter 7 Trustee**
c/o LaMonica Herbst & Maniscalco, LLP
Holly R. Holecek, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Email: hrh@lhmlawfirm.com

[1] If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Chief Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1840, JMM_Hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing.

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: Chapter 7

2281 CHURCH AVENUE LLC, Case No.: 24-43449-jmm

Debtor.
-----------------------------------------------------------x

**APPLICATION FOR AN ORDER SHORTENING TIME FOR NOTICE OF HEARING ON PORTION OF CHAPTER 7 TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER: (I) APPROVING THE STALKING HORSE TERMS AND CONDITIONS OF SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2281 CHURCH AVENUE, BROOKLYN, NEW YORK 11226; (II) APPROVING COMPETING TERMS AND CONDITIONS OF SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE OF; (IV) SCHEDULING A HEARING TO CONFIRM THE SALE; (V) WAIVING THE 14-DAY STAY PERIOD; AND (VI) GRANTING RELATED RELIEF**

TO HONORABLE JIL MAZER-MARINO,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"), by her undersigned counsel, submits this application ("Application") for entry of an Order, pursuant to Rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), shortening time for notice of the hearing to consider that portion of the Trustee's motion dated June 25, 2026 ("Motion") [ECF No. 191] that seeks entry of an Order: (i) approving the Stalking Horse Terms and Conditions of Sale of the Debtor's real property and improvements located at 2281 Church Avenue, Brooklyn, New York 11226 ("Property"); (ii) approving the Competing Terms and Conditions of Sale; (iii) approving

the form and manner of notice of the sale of the Property; (iv) scheduling a hearing to confirm the sale of the Property; (e) waiving the 14-day stay period; and (v) granting related relief. In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in this Application include Local Bankruptcy Rules 9006-1 and 9077-1(c) and Bankruptcy Rules 9006(c) and 9007.

## BACKGROUND

3. By the Motion, the Trustee seeks entry of an Order, inter alia, approving certain Stalking Horse Terms and Conditions of Sale of the Debtor's Property, approving the Competing Terms and Conditions of Sale, approving the form and manner of notice of the sale of the Property, and scheduling a hearing to confirm the sale of the Property. Reference is made to the Motion for a recitation of the relevant facts.

## RELIEF REQUESTED

4. By this Application, the Trustee seeks entry of an Order shortening the notice period of the Motion. A proposed Order is annexed as Exhibit A ("Scheduling Order").

5. Pursuant to Bankruptcy Rule 2002(a)(2), "at least 21 days' notice by mail" is required for a hearing on a proposal to, inter alia, "sell . . . property of the estate other than in the ordinary course of business- unless the court, for cause, shortens the time or orders another method of giving notice[.]" See FED. R. BANKR. P. 2002(a)(2). Pursuant to Local Bankruptcy Rule 9006-1, "[i]f papers are served by first-class mail, an additional 3 days shall be added to the minimum

service requirement." See Local Rule 9006-1(c). Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1(c) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce such notice periods. See FED. R. BANKR. P. 9006(c); Local Rule 9077-1(c). Further, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which and the form and matter in which, notice shall be given, which includes the authority to determine appropriate notice for conducting a hearing on the matter presented by the Motion. See FED. R. BANKR. P. 9007.

6. The Trustee submits that cause exists for the Motion to be heard on an expedited basis. In January 2026, the Debtor's Chapter 11 case was converted by this Court to a Chapter 7 case. The Trustee, through her retained broker, has been marketing the Property for sale and soliciting offers for the Property for more than sixty (60) days. An offer has been made to purchase the Property for $4,550,000.00, subject to higher or better offers that may be tendered to the Trustee during a thirty-day solicitation period. There is a mortgage held by Flushing Bank that is accruing, inter alia, interest. There are also two (2) judgments against the Property that are accruing interest, and unpaid water and wastewater charges that are accruing. It is in the best interests of the estate and its creditors for the solicitation period to begin as soon as possible. Based on the foregoing, and the record in this case, the Trustee believes that a hearing on the Motion should be scheduled on shortened notice.

7. The Trustee proposes that the Motion and a copy of the Scheduling Order be served by: (a) electronic mail to: (i) the United States Trustee; (ii) counsel to the Debtor; (iii) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; and (iv) creditors who filed proofs of claim with known email addresses; and (b) overnight mail to: (i) Debbie Harris; (ii) creditors who filed proofs of claim without known

email addresses; and (iii) scheduled creditors of the Debtor. The Trustee will cause proof of such service to be filed with the Court prior to the hearing.

8. A hearing on a motion to dismiss the Debtor's Chapter 7 case and a related motion seeking a stay is scheduled for July 13, 2026. The Trustee requests that the Court shorten the time for notice of the Motion such that it can be heard on July 13, 2026.

## NO PRIOR REQUEST

9. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests the entry of the Scheduling Order, substantially in the form annexed as **Exhibit A**, together with such other and further relief as deemed just and proper.

Dated: June 25, 2026
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC, | Case No.: 24-43449-jmm |
| Debtor. | |

------------------------------------------------------x

**AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1**

Holly R. Holecek, Esq., an attorney duly admitted to practice before this Court, affirms under penalty of perjury:

1. I am a partner in the law firm LaMonica Herbst & Maniscalco, LLP, counsel to Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor").

2. I submit this affirmation in support of the Trustee's application ("Application") for entry of an Order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), shortening time for notice of the hearing to consider that portion of the Trustee's motion dated June 25, 2026 ("Motion") that seeks entry of an Order: (i) approving the Stalking Horse Terms and Conditions of Sale of the Debtor's real property and improvements located at 2281 Church Avenue, Brooklyn, New York 11226 ("Property"); (ii) approving the Competing Terms and Conditions of Sale; (iii) approving the form and manner of notice of the sale of the Property; (iv) scheduling a hearing to confirm the sale of the Property; (e) waiving the

14-day stay period; and (v) granting related relief.

3. Under the Bankruptcy Rules, at least twenty-one days' notice of the Motion is required. See FED. R. BANKR. P. 2002(a)(2). Under the Local Bankruptcy Rules, an additional three days' notice would be required in the Motion was served by mail. See Local Rule 9006-1(c).

4. The Property is a significant asset of the Debtor's estate. The Property is encumbered by a mortgage and two (2) judgments and, inter alia, interest is accruing. There also are unpaid post-petition water and wastewater charges of over $20,000.00, and pre-petition unpaid water and wastewater charges owed of over $13,000.00, which are liens on the Property. The Motion seeks, inter alia, approval of an offer for the Property that will establish a floor value for the Property, and represents a critical step in the Trustee's administration of the Debtor's estate. Based on the record in this case and for the reasons set forth more fully in the Application, cause exists to shorten the time for the hearing on the Motion.

5. For these and the reasons set forth in the Application, the Trustee requests entry of an Order scheduling a hearing on shortened notice of the Motion.

6. No previous request for relief sought by the Trustee in the Application has been made to this or any other Court.

Dated: June 25, 2026
Wantagh, New York

*s/ Holly R. Holecek*
Holly R. Holecek, Esq.
LaMonica Herbst & Maniscalco, LLP
*Counsel to Lori Lapin Jones, Esq., as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC, | Case No.: 24-43449-jmm |
| Debtor. | |

-------------------------------------------------------x

**ORDER SHORTENING TIME FOR NOTICE OF HEARING ON PORTION OF CHAPTER 7 TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER: (I) APPROVING THE STALKING HORSE TERMS AND CONDITIONS OF SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2281 CHURCH AVENUE, BROOKLYN, NEW YORK 11226; (II) APPROVING COMPETING TERMS AND CONDITIONS OF SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE OF; (IV) SCHEDULING A HEARING TO CONFIRM THE SALE; (V) WAIVING THE 14-DAY STAY PERIOD; AND (VI) GRANTING RELATED RELIEF**

Upon the application dated June 25, 2026 ("Application") of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"), seeking entry of an Order pursuant to Rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), shortening time for notice of the hearing to consider that portion of the Trustee's motion dated June 25, 2026 ("Motion") that seeks entry of an Order: (i) approving the Stalking Horse Terms and Conditions of Sale of the Debtor's real property and improvements located at 2281 Church Avenue, Brooklyn, New York 11226 ("Property"); (ii) approving the Competing Terms and Conditions of Sale; (iii) approving the form and manner of notice of the sale of the Property; (iv) scheduling a hearing to confirm the sale of the Property; (e) waiving the 14-day stay period; and (v) granting related relief; and upon the Affirmation Pursuant to Local Rule 9077-1 in support of the Application; now, therefore, it is hereby

**ORDERED** that the Application to shorten time for notice of the hearing on the Motion is approved; and, it is further

**ORDERED** that a hearing on the Motion shall be held on **July 13, 2026 at 2:30 p.m.** ("Hearing") before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge; and, it is further

**ORDERED** that the Hearing will be in person or by video, as the Court deems appropriate. Whether the Hearing is in person or by video, to appear at the Hearing, you must register via eCourt Appearances, which can be accessed here: https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl;[1] and, it is further

**ORDERED** that a copy of this Order and the Motion shall be served on or before **June 26, 2026** by: (i) **electronic mail** to: (a) the United States Trustee; (b) counsel to the Debtor; (c) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; and (d) creditors who filed proofs of claim with known email addresses; and (ii) **overnight mail** to: (a) Debbie Harris; (b) creditors who filed proofs of claim without known email addresses; and (c) scheduled creditors of the Debtor; and proof of service in accordance with this Order shall be filed with the Court prior to the Hearing; and, it is further

**ORDERED** that objections (if any) to the Motion must be in writing, conform with the Bankruptcy Code, Bankruptcy Rules and the Local Rules, and be filed electronically with the Court on or before **5:00 p.m. on July ______, 2026**; and, it is further

---

[1] If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Additional instructions may be found here: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

**ORDERED** that the Trustee is authorized and directed to take such steps, execute such documents and expend such funds as may be reasonably necessary to effectuate and implement the terms and conditions of this Order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC, | Case No.: 24-43449-jmm |
| Debtor. | |

------------------------------------x

**ORDER SHORTENING TIME FOR NOTICE OF HEARING ON PORTION OF CHAPTER TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER I APPROVING THE STALKING HORSE TERMS AND CONDITIONS OF SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 1 CHURCH AVENUE, BROOKLYN, NEW YORK 11 6 II APPROVING COMPETING TERMS AND CONDITIONS OF SALE III APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE OF IV SCHEDULING A HEARING TO CONFIRM THE SALE V WAIVING THE 1 DAY STAY PERIOD AND VI GRANTING RELATED RELIEF**

Upon the application dated June 25, 2026 ("Application") of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"), seeking entry of an Order pursuant to Rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), shortening time for notice of the hearing to consider that portion of the Trustee's motion dated June 25, 2026 ("Motion") that seeks entry of an Order: (i) approving the Stalking Horse Terms and Conditions of Sale of the Debtor's real property and improvements located at 2281 Church Avenue, Brooklyn, New York 11226 ("Property"); (ii) approving the Competing Terms and Conditions of Sale; (iii) approving the form and manner of notice of the sale of the Property; (iv) scheduling a hearing to confirm the sale of the Property; (e) waiving the 14-day stay period; and (v) granting related relief; and upon the Affirmation Pursuant to Local Rule 9077-1 in support of the Application; now, therefore, it is hereby

**ORDERED** that the Application to shorten time for notice of the hearing on the Motion is approved; and, it is further

**ORDERED** that a hearing on the Motion shall be held on **1 , 6 . .** ("Hearing") before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge**, U d S B r C r , E r D r N Y r , C r r 5 , 1 C C d P E , Br , N Y r 11 1 MM** ; and, it is further

**ORDERED** that the Hearing will be in person or by video, as the Court deems appropriate. Whether the Hearing is in person or by video, to appear at the Hearing, you must register via eCourt Appearances, which can be accessed here: https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl.[1] **I d r r r r r r C r A r , r d M r M r ' r r d r r 1 , MM H r . r .** and, it is further

**ORDERED** that a copy of this Order and the Motion shall be served on or before **6, 6** by: (i) **r** to: (a) the United States Trustee; (b) counsel to the Debtor; (c) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; and (d) creditors who filed proofs of claim with known email addresses; and (ii) **r** to: (a) Debbie Harris; (b) creditors who filed proofs of claim without known email addresses; and (c) scheduled creditors of the Debtor; and proof of service in accordance with this Order shall be filed with the Court prior to the Hearing; and, it is further

---

[1] If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Additional instructions may be found here: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

**ORDERED** that objections (if any) to the Motion must be in writing, conform with the Bankruptcy Code, Bankruptcy Rules and the Local Rules, and be filed electronically with the Court on or before **5 . . , 6**; and, it is further

**ORDERED** that the Trustee is authorized and directed to take such steps, execute such documents and expend such funds as may be reasonably necessary to effectuate and implement the terms and conditions of this Order.

**Dated: June 26, 2026**
**Brooklyn, New York**

Jil Mazer-Marino
Chief United States Bankruptcy Judge

CULLEN AND DYKMAN LLP
The Omni Building
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Bonnie L. Pollack, Esq.
Kyriaki A. Christodoulou, Esq.
bpollack@cullenllp.com
kchristodoulou@cullenllp.com

*Counsel for Flushing Bank*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC | Case No. 24-43449 (JMM) |
| Debtor. | |

**STATEMENT OF FLUSHING BANK IN SUPPORT OF TRUSTEE'S MOTION TO SELL PROPERTY**

TO THE HONORABLE JIL MAZER-MARINO,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Flushing Bank, A Division of OceanFirst Bank N.A. ("Flushing"), secured creditor of the Debtor, by and through its counsel Cullen and Dykman LLP, hereby submits this statement in support of the motion (the "Motion") of the Trustee to sell the property of the estate at 2281 Church Avenue, Brooklyn, New York (the "Property") in the manner described therein. For the reasons discussed below, the Motion should be granted.

1. Flushing holds a first priority mortgage lien against the Property subject only to unpaid real estate taxes and water and sewer charges. As of the Petition Date, Flushng's claim amounted to $1,642,206.15. Under section 506(b) of the Bankruptcy Code, that claim has now

grown substantially as a result of the Debtor's dilatory if not contemptable conduct.

2. The difficult path to get to this Motion is set forth in more detail in Flushing's objection to the Motion to Dismiss filed by the Debtor and is incorporated herein by reference. As the history pertains to a sale of the Property, the Debtor has filed at least 5 plans, all of which were contested by Flushing among other parties; several of the plans were based on a sale of the Property that was never properly pursued. When the Debtor finally agreed to sell the Property, it never marketed the Property in a realistic manner. The Debtor insisted that the Property was worth more than $10 million and set an asking price of that amount in 2 separate attempts to market the Property. In actuality, the Property was worth about half of that amount. The Debtor used its requests for multiple "marketing periods" to simply delay recovery by creditors.

3. The Court entered several orders which required a sale of the Property and set deadlines in each. Every single order was ignored by the Debtor, delaying conversion of the Debtor's case by 6 months. During this time, ***Ms. Harris knowingly fraudulently transferred the Property to herself with no court approval and without the knowledge of any parties to the case. It was discovered by happenstance.***

4. Throughout the case, Flushing has not been paid on its mortgage consistently, and interest and fees under the mortgage continue to accrue. Mopreover, Flushing has had to come out of pocket for many expenses associated with the Property.

5. Once the Case was converted, the Trustee was able to do what the Debtor could not (or should we say would not); she obtained a signed and binding stalking horse agreement of sale for a price commensurate with the value of the Property and enough to pay all creditors in full. Indeed, the terms of the Trustee's sale are considerable better than the alleged offer that the Debtor received for the Property, and upon which a competing Motion to Dismiss is based.

6. The Trustee has set forth good cause to approve the procedures for the sale, the terms of the sale are consistent with many other procedures approved in this and neighboring districts, and geared towards obtaining the highest price in order to benefit the estate. The Debtor should be thanking the Trustee not fighting her; because of the Trustee's diligence, not only will there be equity from the sale of this Property but the Debtor can remain in title of its other property.

7. As a result, Flushing supports the sale proposed by the Trustee and the manner in which she intends to sell the Property and believes that the Motion should be granted in all respects.

**WHEREFORE**, Flushing requests that the Court approve the Motion in all respects, and grant Flushing such other and further relief as may be just and proper.

Dated: Uniondale, New York
July 6, 2026

CULLEN AND DYKMAN LLP
Counsel to Flushing Bank, a Division of OceanFirst N.A.

By: *s/Bonnie L. Pollack*
Bonnie L. Pollack, Esq.
Kyriaki A. Christodoulou, Esq.
The Omni Building
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
bpollack@cullenllp.com
kchristodoulou@cullenllp.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

2281 CHURCH AVENUE LLC,

Debtor
---------------------------------------------------------------X

Chapter 7

Case No. 24-43449-jmm

DEBTOR'S OBJECTION TO ORDER AND OPPOSITION TO TRUSTEE'S MOTION FOR: (1) ORDER: (A) APPROVIING THE STALKING HORSE TERMS AND CONDITIONS OF SALE OF DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2281 CHURCH AVENUE, BROOKLYN, NEW YORK 11226; (B) APPROVING COMPETING TERMS AND CONDITIONS OF SALE;( C) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE OF; (D) SCHEDULING A HEARING TO CONFIRM THE SALE; (E ) WAIVING THE 14-DAY STAY PERIOD; AND (F) GRANTING RELATED RELIEF; AND (II) AN ORDER: (A) CONFIRMING THE SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2281 CHURCH AVENUE, BROOKLYN, NEW YORK 11262 (*SIC*); AND (B) GRANTING RELATED RELIEF

TO THE HONORABLE JIL MAZER-MARINO,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Debtor, 2281 Church Avenue, LLC, by undersigned counsel, respectfully objects to the order of this court dated June 26, 2026 for the reasons which appear hereinafter. (Doc. 193). Debtor also hereby opposes the Trustee's motion for an Order approving the Stalking Horse Terms and Condition of Sale of Debtor's Real Property and related relief sought herein. (Doc. 191-191-1)("Stalking Horse Motion").

PRELIMINARY

1. On May 18, 2026, Debtor filed a motion for voluntary dismissal of this Chapter 7 bankruptcy case based largely on the fact that Debtor has secured a loan from a third-

party sufficient to pay off all creditors, still retain ownership of the real property at issue here, and resume its business on the subject real property. (Doc. 173).

2. Debtor also filed a motion for interim stay of proceedings pending the hearing and determination of the aforesaid motion to dismiss the case. (Docs. 176 & 177).
3. By order dated May 29, 2026, this Court issued an order scheduling hearing on the motion to stay for June 25, 2026, at 10 a.m.; the hearing of the motion to dismiss had been scheduled for June 24, 2026.
4. Eventually, *with consent of all parties*, the Court scheduled the hearing of both of Debtor's motions for June 24, 2026.
5. On June 17, 2026, the Trustee filed Omnibus Objection to the Debtor's motion to dismiss the case and motion to stay proceedings. (Doc. 183)
6. Creditor Flushing Bank filed its opposition dated June 17, 2026, to Debtor's motions to dismiss and for stay of proceedings.
7. No other creditor filed any opposition to either motion.
8. On June 22, 2026, Debtor filed a Response to the Omnibus Objection of the Trustee and the Opposition of Flushing Bank. 2026. (Doc. 187).
9. Before the scheduled hearing of June 24, 2026, the undersigned received a notice of cancellation of the hearing without any explanation for the cancellation.
10. On June 25, 2026, the next day after the cancellation of the scheduled hearing, the Trustee filed her present motion for approval of the Stalking Horse Terms and Conditions of Sale, among other reliefs. (Doc. 191-191-1).
11. On July 6, 2026, Flushing Bank filed its Statement in Support of Trustee's Motion to Sell

Property in which Flushing Bank delved into irrelevancies without adequately addressing the real issues. (Doc. 194).

12. Again, no other creditor filed any documents in support of the Trustee's motion other than Flushing Bank.

TRUSTEE HAS NOT DEMONSTRATED WHY COURT SHOULD GRANT THE RELIEFS SOUGHT BY HER INSTEAD OF DISMISSING THE CHAPTER 7 CASE

13. It is apparent that Trustee's present Stalking Horse Motion is a direct reaction to Debtor's motion to dismiss and motion for stay of proceedings pending the hearing and determination of Debtor's motion to dismiss.

14. As a court of record and a court of equity, the proceedings of the court are fully memorialized.

15. As an initial matter, this court should first decide the Debtor's motion to dismiss, and motion for stay pending the determination of the motion to dismiss ***before*** entertaining the Trustee's Stalking Horse Motion.

16. The reason why the court should first decide the motion to dismiss is that, if the motion to dismiss is granted, it renders moot every other prayer sought or which could have been sought in this proceeding. A dismissal of the case puts the parties back to their pre-bankruptcy filing status.

17. As regards Debtor's motion for *stay pending the determination of the motion to dismiss*, this court has the authority to grant relief under 11 U.S.C. §105(a) ("The court may issue **any order**, process or judgment **that is necessary** or appropriate **to carry out the provisions of this title**")(Emphasis added). Bankruptcy Courts are inherently courts of equity with broad remedial powers. *See In re Baldwin-United Corp. Litigation*, 765 F.2d.

343 (2d Cir. 1985).

18. Without such broad remedial powers, the Court could be confronted with the situation which the Trustee is embarking on to foist on the Court a *fait accompli*. Debtor is not entirely surprised by the conduct of Trustee which was anticipated.

19. Flushing Bank's suggestion that "the terms of the Trustee's sale are considerably better than the alleged offer that the Debtor received for the Property, and upon which a competing Motion to Dismiss is based" is ludicrous. (Flushing Bank's Statement in Support of Sale, at ¶5.

20. What the Trustee is seeking by her motion is to *sell the subject property* for $4,550,000.00 or more. Debtor would thereby be permanently deprived of the property and the Debtor is most likely to go out of business because Debtor's only business is ownership and management of the subject property. By contrast, Debtor has secured **a loan of $3.26 Million** with which to pay off all creditors as soon as this case is dismissed from bankruptcy, and Debtor closes the loan. Under the Debtor's arrangement, ownership of the subject property will remain in the Debtor after creditors are all paid.

21. It should be clear to anyone that the Debtor's arrangement is far superior to what the Trustee is proposing to do here.

22. Remarkably, Flushing Bank, the only creditor who is opposing Debtor's move and supporting the Trustee's proposed sale, has not demonstrated that the $3.26 Million which will be available to Debtor upon dismissal of this case is inadequate to pay off what Debtor owes Flushing Bank. Nor has the Trustee demonstrated that the $3.26 Million is inadequate to pay off existing creditors. Yet, both Flushing Bank and the

Trustee are working cooperatively to have the subject property sold!

23. While a sale of the subject property, as proposed by the Trustee, *may be in the interest of the creditors, it will certainly not be in the interest of the Debtor*. A sale of the subject property will deprive Debtor of ownership of the property and likely put Debtor out of business. On the other hand, the $3.26 Million loan which Debtor has secured will serve the interest of all - creditors and the Debtor alike. Creditors will be paid off and Debtor will retain the subject property and remain in business.

24. Although a motion to dismiss does not stay any proceeding, it is quite disturbing that the Trustee who is fully aware of what Debtor is attempting to do by moving to dismiss the case proceeded to spend time on preparing and filing her Stalking Horse Motion.

25. The timing of the Stalking Horse Motion, while the Debtor's motion to dismiss was fully briefed and pending, evinces lack of good faith. The maxim is: "He who comes to equity must come with clean hands." But one does not see the clean hands of the Trustee and Flushing Bank in their role of this whole exercise.

26. The equities in this case preponderate in favor of the Debtor.

**WHEREFORE,** it is respectfully requested that Debtor's motions be granted and Trustee's Stalking Horse Motion be denied in its entirety, together with such other or further order as the court deems just and proper in the circumstances.

Dated: New York, New York
July 8, 2026

**LAW OFFICES OF K.C. OKOLI, P.C.**
5 Penn Plaza, 19th Floor
New York, N.Y. 10001
(212) 564-8152

By: */s/ K.C. Okoli*
K.C. OKOLI, ESQ.

*Attorneys for 2281 CHURCH AVENUE LLC, Debtor*

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

**Relates to a hearing on July 13, 2026**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC, | Case No.: 24-43449-jmm |
| Debtor. | |

**CHAPTER 7 TRUSTEE'S REPLY TO DEBTOR'S OBJECTION TO CHAPTER 7 TRUSTEE'S SALE MOTION**

TO THE HONORABLE JIL MAZER-MARINO,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"), by her undersigned counsel, submits this Reply to the Debtor's objection ("Objection") [ECF No. 196] to the Trustee's motion ("Stalking Horse Motion") [ECF No. 191] seeking, inter alia, entry of an Order: (i) approving the Stalking Horse Terms and Conditions of Sale of the Debtor's real property and improvements located at 2281 Church Avenue, Brooklyn, New York 11226 ("Church Ave Property"); (ii) approving the Competing Terms and Conditions of Sale; (iii) approving the form and manner of notice of the sale of the Church Ave Property; (iv) scheduling a hearing to confirm the sale of the Church Ave Property; (v) waiving the 14-day stay period; and (vi) granting related relief, and respectfully represents as follows:

## BACKGROUND

1. On January 29, 2026, after affording the Debtor seventeen (17) months to reorganize its financial affairs, the Court entered an Order converting the Debtor's Chapter 11 case

to a Chapter 7 case. See ECF No. 151.

2. By Order entered on March 24, 2026, the Court approved the Trustee's employment of MYC & Associates, Inc. as property manager and real estate broker to, inter alia, market and solicit offers for the Church Ave Property. See ECF No. 166.

3. On May 18, 2026, a motion to dismiss its Chapter 7 case was filed on the Debtor's behalf ("Motion to Dismiss"). See ECF No. 173. On May 21, 2026, a related motion for a stay of the Debtor's Chapter 7 case pending the hearing on the Motion to Dismiss was filed on the Debtor's behalf ("Motion to Stay"). See ECF No. 176.

4. On June 17, 2026, the Trustee file an omnibus objection to the Debtor's Motion to Dismiss and Motion to Stay ("Omnibus Objection"). See ECF No. 183.

5. On June 17, 2026, creditor Flushing Bank objected to the Debtor's Motion to Dismiss. See ECF No. 184.

6. The hearing on the Debtor's Motion to Dismiss was scheduled for June 24, 2026 but was adjourned by the Court to July 13, 2026.

7. On June 25, 2026, the Trustee filed the Stalking Horse Motion. See ECF No. 250. As reflected in the Stalking Horse Motion, the Trustee received signed Stalking Horse Terms and Conditions of Sale and the deposit from the offeror on June 24, 2026. See id. at p. 5, ¶23. Reference is made to the Stalking Horse Motion for a recitation of additional relevant facts.

8. On June 26, 2026, the Court entered an Order shortening time for the hearing on the Stalking Horse Motion. See ECF No. 193 ("Scheduling Order").

9. The Stalking Horse Motion and Scheduling Order were served on all creditors and interested parties. See ECF Nos. 198, 199. Creditor Flushing Bank supports the proposed sale of the Church Ave Property. See ECF No. 194. The Debtor filed the only objection to the Stalking

Horse Motion.

**TRUSTEE'S REPLY**

10. The Debtor makes three points in its Objection to the Stalking Horse Motion. First, that the Debtor's Motion to Dismiss should be heard before the Trustee's Stalking Horse Motion. Second, that dismissal is better than a sale because the Debtor loses the Church Ave Property in a sale. Third, that the Trustee filed the Stalking Horse Motion with "unclean hands" because the Trustee filed it when the Debtor's Motion to Dismiss was pending and on the heels of the Court's adjournment. None of these arguments provides a basis for the Stalking Horse Motion to be denied. As more fully set forth below, the Objection should be overruled.

**A. The Debtor Does Not Have Standing To Prosecute The Objection**

11. When the Debtor's Chapter 11 case was converted to a case under Chapter 7 and the Trustee was appointed, the Trustee became the representative of the Chapter 7 estate. See 11 U.S.C. § 323(a).

12. The United States Supreme Court in Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985) held that the trustee holds the power to exercise control over the debtor and its property. That holding is a fundamental principal of the Chapter 7 liquidation process. In Weintraub, the United States Supreme Court explained:

> the Bankruptcy Code gives the trustee wide-ranging management authority over the debtor. In contrast, the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. **Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are completely ousted.**

Id. at 352-53 (internal citations and quotation marks omitted) (emphasis added).

13. In short, "[o]nce appointed, the trustee assumes control over the debtor's entire

estate and all such interests" and that "control is not limited to the corporation's management. The trustee also assumes the sole power to prosecute legal claims on behalf of the debtor." Quest Ventures, Ltd. v. IPA Mmt. IV, LLC, 2018 U.S. Dist. LEXIS 25225, 2018 WL 922145, at *1-2 (E.D.N.Y. Feb. 15, 2018) (granting a Chapter 7 trustee's motion to dismiss a debtor's appeal of a conversion order). See also FED. R. BANKR. P. 6009 ("With or without court approval, the trustee. . . may: (a) prosecute—or appear in and defend—any pending action or proceeding by or against the debtor; or (b) commence and prosecute in any tribunal an action or proceeding on the estate's behalf.").

14. Here, the objector is purportedly the Debtor. See ECF No. 196. Since only the Trustee may act for the Debtor, and the Trustee did not authorize the Objection, the Objection must be overruled.

**B. The Objection Should Be Overruled**

15. Lack of standing aside, the Objection should nevertheless be overruled.

16. The Debtor first argues that the Motion to Dismiss should be heard first. Oral argument on the Debtor's Motion to Dismiss and the Trustee's Stalking Horse Motion are scheduled for the same day, i.e., July 13, 2026. The Trustee does not object to the Motion to Dismiss being argued first, but she does object to any delay of the hearing on the Stalking Horse Motion. If the Trustee is to sell the Church Ave Property, it should happen promptly so that the accrual of secured debt can stop. In addition, a prompt sale is compatible with the Trustee's statutory duties in a Chapter 7 case.

17. The Debtor also argues that dismissal is a better path for this case. The Trustee's position that dismissal is not appropriate has been set forth in the Trustee's Omnibus Objection. See generally ECF No. 183. Those arguments are incorporated herein by reference.

18. Last, the Debtor argues that the timing of the filing of the Stalking Horse Motion is somehow tied to the Court's adjournment of the Motion to Dismiss. The timing of the filing of the Trustee's Stalking Horse Motion has nothing to do with the timing of the adjourned hearing on the Debtor's Motion to Dismiss and instead has everything to do with the timing of the Trustee's receipt of the deposit on behalf of the stalking horse bidder and signed Stalking Horse Terms and Conditions of Sale, i.e., June 24, 2026.

19. The Trustee has been marketing the Church Ave Property since well before the Motion to Dismiss was filed. Selling the Church Ave Property and doing so promptly does not amount to unclean hands – to the contrary, it is compatible with the Trustee's statutory duties under section 704 of the Bankruptcy Code.

**WHEREFORE**, for the foregoing reasons and the reasons set forth more fully in the Stalking Horse Motion, the Trustee requests that this Court overrule the Objection, approve the relief requested in the Stalking Horse Motion, and grant the Trustee such other and further relief as this Court deems just and proper.

Dated: July 10, 2026
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, as Chapter 7 Trustee*

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

2281 Church Avenue LLC,

Debtor.

Chapter 7

Case No. 24-43449-jmm

**ORDER DENYING DEBTOR'S MOTION TO DISMISS**

**WHEREAS**, the above captioned debtor (the "Movant") filed a motion seeking to dismiss this case (the "Motion") ECF No. 173 ; and

**WHEREAS**, the Court held a hearing on the Motion on July 13, 2026.

**NOW, THEREFORE**, for the reasons set forth on the record of the July 13, 2026, hearing, it is hereby

**ORDERED**, that the Motion is denied; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on the Movant and parties listed on the attached service list.

## SERVICE LIST

**K C O**
K.C. Okoli, ES .
5 Penn Plaza,
19th Floor
New York, NY 10001

**H R. H**
LaMonica Herbst Maniscalco LLP
3305 Jerusalem Avenue
Wantagh, NY 11793

**L r L**
Lori Lapin Jones PLLC
98 Cutter Mill Road
Suite 255 South
reat Neck, NY 11021

**O U d S Tr**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling reen
Room 510
New York, NY 10004-1408

Dated: July 19, 2026
Brooklyn, New York

Jil Mazer-Marino
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re: Chapter 7

2281 CHURCH AVENUE LLC, Case No.: 24-43449-jmm

Debtor.
-------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO CONTINUE OPERATE THE DEBTOR'S BUSINESS AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE FOR A LIMITED PERIOD AND FOR RELATED RELIEF**

Upon the Order entered on April 26, 2026 ("721 Order") [ECF No. 172] authorizing Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of 2281 Church Avenue LLC ("Debtor"), to operate the Debtor's business and pay certain operating expenses for a limited period from March 19, 2026 through and including July 21, 2026, without prejudice to seek extensions of such authority; and upon the Trustee's application dated July 17, 2026 ("Application") [ECF No. 204] seeking entry of an Order authorizing the Trustee to continue to operate the Debtor's business and pay certain operating expenses for a limited period from July 22, 2026 through and including September 30, 2026, without prejudice to seek extensions of such authority; and (ii) granting the Trustee such other and further relief as the Court may deem just and proper; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that the relief sought in the Application was necessary and warranted; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Application is granted as set forth herein; and, it is further

**ORDERED** that, pursuant to sections 105(a) and 721 of the Bankruptcy Code, the Trustee is authorized to, for the limited period from July 22, 2026 through and including September 30, 2026, without prejudice to seek further extensions of such authority continue to: (i) operate the Debtor's business; (ii) collect use and occupancy payments from occupants of the Debtor's properties; (iii) enforce lease agreements (if any); (iv) pay or cause to be paid necessary expenses relating to the operation of the Debtor's business including, but not limited to, utilities, insurance, real estate taxes, and minor repairs; (v) take actions reasonably necessary to comply with local laws, building codes, and safety requirements; and (vi) maintain and, if necessary obtain, insurance coverage for the Debtor's properties; and, it is further

**ORDERED** that all other provisions of the 721 Order remain in full force and effect.

Dated: July 20, 2026
Brooklyn, New York

Jil Mazer-Marino
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re: Chapter 7

2281 CHURCH AVENUE LLC, Case No.: 24-43449-jmm

Debtor.
-------------------------------------------------------x

**ORDER: (A) APPROVING THE STALKING HORSE TERMS AND CONDITIONS OF SALE OF THE DEBTOR'S REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2281 CHURCH AVENUE, BROOKLYN, NEW YORK 11226; (B) APPROVING COMPETING TERMS AND CONDITIONS OF SALE; (C) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE OF; (D) SCHEDULING A HEARING TO CONFIRM THE SALE; AND (E) GRANTING RELATED RELIEF**

Upon that portion of the motion dated June 25, 2026 [ECF No. 191] ("Motion")[1] of Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 2281 Church Avenue LLC ("Debtor"), by her counsel, seeking entry of an Order: (a) approving the Stalking Horse Terms and Conditions of Sale of the Debtor's real property and improvements located at 2281 Church Avenue, Brooklyn, New York 11226 ("Church Ave Property"); (b) approving the Competing Terms and Conditions of Sale; (c) approving the form and manner of notice of the sale of the Church Ave Property; (d) scheduling a hearing to confirm the sale of the Church Ave Property; (e) waiving the 14-day stay period; and (f) granting related relief; and upon the Trustee's application dated June 25, 2026 seeking entry of an Order scheduling a hearing on shortened notice of the Motion [ECF No. 192]; and upon the Order entered on June 26, 2026 scheduling a hearing on shortened notice of the Motion ("Scheduling Order") [ECF No. 193]; and upon the Affidavits of Service relating to the Motion and Scheduling Order [ECF Nos. 198, 199]; and upon the Debtor's objection to the Motion ("Objection") [ECF No. 196]; and upon the Trustee's reply to

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings ascribed to them in the Motion.

the Objection [ECF No. 200]; and upon the hearing conducted on July 13, 2026 ("Hearing"), the transcript of which is incorporated by reference; and counsel to the Trustee having appeared at the Hearing; and upon the record of the Hearing; and after due deliberation and good cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT**:[2]

A. This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the relief sought in the Motion has been given, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities, including: (i) the Debtor through its counsel of record; (ii) the United States Trustee; (iii) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (iv) all scheduled creditors of the Debtor; (v) all creditors that filed proofs of claim against the Debtor's estate; (vi) all known parties with an interest in the Church Ave Property; and (vii) Debbie Harris (collectively, "Notice Parties").

C. The proposed Notice of Sale is good, appropriate, adequate, and sufficient, and service on the Notice Parties is reasonably calculated to provide all interested parties timely and proper notice of the Sale, and no other or further notice of the Sale is required.

D. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including this Court's approval of the Stalking Horse Terms and Conditions of Sale, the Competing Horse Terms and Conditions of Sale and the form and manner of service of the Notice of Sale.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

E. The Trustee has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a hearing to consider whether to grant the remainder of the relief requested in the Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Objection is overruled and the Motion is granted to the extent set forth herein.

2. The Stalking Horse Terms and Conditions of Sale annexed to the Motion as Exhibit B are approved.

3. The Trustee is authorized to take all actions necessary to fully implement the Stalking Horse Terms and Conditions of Sale.

4. The Competing Terms and Conditions of Sale in the form annexed to the Motion as Exhibit C are approved.

5. All objections to entry of this Order or to the relief provided herein and requested in the Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

**NOTICE**

6. There shall be a solicitation period for higher or better offers for the Church Ave Property for a period of thirty (30) days from entry of this Order ("Solicitation Period") to **11:59 p.m. on August 21, 2026**. The next highest bid for the Church Ave Property shall be not less than $4,600,000.00.

7. To the extent the Trustee receives a higher or better offer for the Church Ave Property before the expiration of the Solicitation Period, the Trustee shall schedule a date and time to conduct an auction sale of the Church Ave Property ("Auction"). The Auction shall be conducted within approximately five (5) days of the expiration of the Solicitation Period. Prior to

the scheduled Auction, the Trustee may file a notice on the docket reflecting the date and time of the Auction.

8. The Notice of Sale, substantially in the form annexed to the Motion as Exhibit D, is hereby approved.

9. The Trustee shall cause notice of the Sale to be published at least once in accordance with Bankruptcy Rule 2002(l).

10. The notice as set forth in the preceding paragraphs shall provide good and sufficient notice of the sale and no other or further notice of the sale shall be necessary or required.

**SALE APPROVAL HEARING**

11. The Sale Approval Hearing shall be held before this Court on **August 26, 2026 at 11:30 a.m.**

12. The Sale Approval Hearing will be conducted by telephone, video or in person, as the Court deems appropriate. Whether the Sale Approval Hearing is in person or remote, to appear, parties must register through eCourt Appearances, which can be accessed here: https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl.

13. The Sale Approval Hearing may be adjourned by the Trustee by filing a notice with this Court and serving such notice on the Notice Parties.

**ADDITIONAL PROVISIONS**

14. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

15. This Court may retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: July 21, 2026
Brooklyn, New York

Jil Mazer-Marino
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X Case No.: 24-43449-jmm
In re:

2281 CHURCH AVENUE LLC,

Chapter 7

Debtor

-------------------------------------------------------------X **APPELLANT'S DESIGNATION**

Appellant hereby designates the following as part of the Record on Appeal:

1. ECF Doc 173
2. ECF Doc 183
3. ECF Doc 183-1
4. ECF Doc 184
5. ECF Doc 187
6. ECF Doc 191
7. ECF Doc 191-1
8. ECF Doc 192-1
9. ECF Doc 193
10. ECF Doc 194
11. ECF Doc 196
12. ECF Doc 200
13. ECF Doc 205
14. Transcript of the Bankruptcy Court hearing of July 13, 2026

Dated: New York, New York
July 22, 2026

**LAW OFFICES OF K.C. OKOLI, P.C.**
Attorneys for Debtor-Appellant
2281CHURCH AVENUE LLC
5 Penn Plaza, 19th Floor
New York, New York 10001
(212) 564-8152

By: _________/s/_______________
K.C. OKOLI, ESQ.

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of the electronic filing to all counsel of record, including Flushing Bank by Bonnie Pollack Esq., bpolack@cullenllp.com

___________/s/_____________
K.C. Okoli

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X Case No.: 24-43449-jmm
In re:

2281 CHURCH AVENUE LLC,

Chapter 7

Debtor

-------------------------------------------------------------X

**APPELLANT'S DESIGNATION (Amended)**

Appellant hereby designates the following as part of the Record on Appeal:

1. ECF Doc 173
2. ECF Doc 183
3. ECF Doc 183-1
4. ECF Doc 184
5. ECF Doc 187
6. ECF Doc 191
7. ECF Doc 191-1
8. ECF Doc 192-1
9. ECF Doc 193
10. ECF Doc 194
11. ECF Doc 196
12. ECF Doc 200
13. ECF Doc 205
14. Transcript of the Bankruptcy Court hearing of July 13, 2026

STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Is the Bankruptcy Court correct to deny Debtor's motion for voluntary dismissal of the bankruptcy case?
2. Is the Bankruptcy Court correct to grant the 'Stalking Horse' motion of the Chapter 7 Trustee which effectively increased costs and administrative expenses, and put the Debtor's real property in jeopardy of sale?
3. Is the Bankruptcy Court correct to have denied a stay in light of the peculiar circumstances of this case?

Dated: New York, New York
July 22, 2026

**LAW OFFICES OF K.C. OKOLI, P.C.**
Attorneys for Debtor-Appellant
2281CHURCH AVENUE LLC
5 Penn Plaza, 19th Floor
New York, New York 10001
(212) 564-8152

By: _________/s/_______________
K.C. OKOLI, ESQ.

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of the electronic filing to all counsel of record, including Flushing Bank by Bonnie Pollack Esq., bpolack@cullenllp.com

___________/s/_____________
K.C. Okoli

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X Case No.: 24-43449-jmm
In re:

2281 CHURCH AVENUE LLC,

Chapter 7

Debtor

---------------------------------------------------------------X

**APPELLANT'S**
**SUPPLEMENTAL DESIGNATION**

Appellant hereby supplements its designation of the Record on Appeal as follows:

1. ECF Doc 176
2. ECF Doc 177

Dated: New York, New York
July 29, 2026

**LAW OFFICES OF K.C. OKOLI, P.C.**
Attorneys for Debtor-Appellant
2281CHURCH AVENUE LLC
5 Penn Plaza, 19th Floor
New York, New York 10001
(212) 564-8152

By: _________/s/_______________
K.C. OKOLI, ESQ.

## CERTIFICATE OF SERVICE

I certify that on July 29, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of the electronic filing to all counsel of record, including Flushing Bank by Bonnie Pollack Esq., bpolack@cullenllp.com

____________/s/______________
K.C. Okoli

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Appellee Lori Lapin Jones, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| 2281 CHURCH AVENUE LLC, | Case No.: 24-43449-jmm |
| Debtor. | |

---------------------------------------------------------x

**APPELLEE DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND COUNTER-STATEMENT OF THE ISSUES ON APPEAL**

Pursuant to Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"),[1] appellee Lori Lapin Jones, Solely in her Capacity as Chapter 7 Trustee ("Trustee") of the Estate of 2281 Church Avenue LLC ("Debtor"), by her undersigned counsel, submits the following designation of additional items to be included in the record on the appeal and counter-statement of the issues on appeal from the: (i) Order Denying Debtor's Motion To Dismiss of the United States Bankruptcy Court for the Eastern District of New York (C.J. Mazer-Marino) ("Bankruptcy Court") entered on July 20, 2026 ("Order Denying Dismissal") [Bankr. Case No.: 24-43449-jmm, ECF No. 205]; and (ii) Order: (A) Approving The Stalking Horse Terms And Conditions Of Sale Of The Debtor's Real Property And Improvements Located At 2281 Church Avenue, Brooklyn, New York 11226; (B) Approving Competing Terms And Conditions Of Sale; (C) Approving The Form And Manner Of Notice Of The Sale Of; (D) Scheduling A Hearing To

[1] On July 22, 2026, appellant 2281 Church Avenue LLC ("Appellant-Debtor") filed its Designation and Statement of the Issues [Bankr. Case No.: 24-43449-jmm, ECF No. 213] and its amended Designation and Statement of the Issues [Bankr. Case No.: 24-43449-jmm, ECF No. 214]. On July 29, 2026, appellant 2281 Church Avenue LLC filed a Supplemental Designation [Bankr. Case No.: 24-43449-jmm, ECF No. 219].

Confirm The Sale; And (E) Granting Related Relief of the Bankruptcy Court entered on July 22, 2026 ("Order Approving Sale Procedures") [Bankr. Case No.: 24-43449-jmm, ECF No. 212].

**ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD**

| Designation No. | Filing Date | ECF No. | Document Description |
|---|---|---|---|
| 1 | 08/19/2024 | 1 | Chapter 11 Voluntary Petition For Small Business Non-Individual Subchapter V |
| 2 | Various | Claims Register | Claims Register maintained by the Clerk of the Bankruptcy Court for Case No.: 24-43449-jmm |
| 3 | 08/11/2025 | 101 | Motion To Convert Case Chapter 11 To 7 Fee Amount $ 15., In Addition To Motion To Prohibit Use Of Cash Collateral / Turnover Cash Collateral Improperly Used |
| 4 | 10/01/2025 | 105 | Objection Debtor's Opposition To Motion For Entry Of An Order Converting Chapter 11 Case To Chapter 7 |
| 5 | 10/03/2025 | 107 | Reply To Debtor's Opposition |
| 6 | 10/28/2025 | 113 | Order Conditionally Granting Flushing Bank's Motion To Convert Chapter 11 Case |
| 7 | 10/28/2025 | 114 | Order To Show Cause Why This Case Should Not Be Converted From A Chapter 11 To A Chapter 7 Case. Ordered, That The Debtor And The Debtors Counsel Are Directed To Appear At A Hearing Before The Honorable Jil Mazer-Marino Of The United States Bankruptcy Court For The Eastern District Of New York, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201 On November 6, 2025 At 1:00 P.M. To Show Cause Why This Case Should Not Be Converted To A Chapter 7 Case |
| 8 | 11/05/25 | 116 | Response Of The Debtor And Its Principal |
| 9 | 11/10/2025 | 119 | Order - Further Order Conditionally Granting Flushing Bank's Motion To Convert Chapter 11 Case |
| 10 | 11/13/2025 | 120 | Response Compliance |
| 11 | 11/21/2025 | 121 | Amended Chapter 11 Plan Subchapter V |
| 12 | 12/18/2025 | 122 | Amended Chapter 11 Plan Subchapter V |
| 13 | 01/05/2026 | 123 | Small Business Monthly Operating Report For Filing Period July 2025 |
| 14 | 01/05/2026 | 124 | Small Business Monthly Operating Report For Filing Period August 2025 |
| 15 | 01/05/2026 | 126 | Small Business Monthly Operating Report For Filing Period October 2025 |

| Designation No. | Filing Date | ECF No. | Document Description |
|---|---|---|---|
| 16 | 01/05/2026 | 127 | Small Business Monthly Operating Report For Filing Period November 2025 |
| 17 | 01/06/2026 | 130 | Notice Of Default Against Debtor |
| 18 | 01/06/2026 | 131 | Response To The Bank's Notice Of Default |
| 19 | 01/06/2026 | 132 | Letter Filed By Karamvir Dahiya On Behalf Of 2281 Church Avenue LLC |
| 20 | 01/06/2026 | 133 | Letter In Response To Extension Request |
| 21 | 01/06/2026 | 134 | Supplemental Response Filed By Karamvir Dahiya On Behalf Of 2281 Church Avenue LLC |
| 22 | 01/07/2026 | 135 | Order Amending Order Conditionally Granting Flushing Bank's Motion To Convert Chapter 11 Case |
| 23 | 01/07/2026 | 136 | Letter Addressing Affirmation Filed By Counsel |
| 24 | 01/20/2026 | 138 | Letter Regarding Debtors Defaults |
| 25 | 01/21/2026 | 139 | Letter To The Court In Response To Ms. Pollack Letter |
| 26 | 01/21/2026 | 140 | Letter In Furtherance Of Request For Conversion |
| 27 | 01/21/2026 | 141 | Letter Correcting The Statement |
| 28 | 01/22/2026 | 142 | Letter Requesting The Court To Schedule An Urgent Hearing |
| 29 | 01/22/2026 | 143 | Letter Response Filed By Debbie A. Harris-David |
| 30 | 01/22/2026 | 144 | Letter Requesting Voluntary Dismissal Of Chapter 11 Case |
| 31 | 01/23/2026 | 145 | Additional Letter Regarding Closing Date Filed By Debbie A. Harris-David |
| 32 | 01/23/2026 | 146 | Order Scheduling Hearing On Flushing Bank's Notice Of Default And Request For Conversion |
| 33 | 01/23/2026 | 147 | Emergency Motion To Terminate Counsel And Objection To Unauthorized Auction Actions |
| 34 | 01/29/2026 | 151 | Order Converting Case Chapter 11 To 7 |
| 35 | 02/04/2026 | 155 | Notice Of Appointment Of Trustee Lori Lapin Jones, Esq. |
| 36 | 03/08/2026 | 162 | Order Granting Application Of For Kamini Fox, PLLC As Former Counsel For Debtor For Allowance Of Final Compensation And Reimbursement Of Expenses |
| 37 | 03/19/2026 | 163 | Motion To Authorize/Direct The Chapter 7 Trustee To Operate The Debtor's Business And Pay Certain Operating Expenses For A Limited Period And Granting Related Relief |
| 38 | 03/20/2026 | 165 | Interim Order Authorizing The Chapter 7 Trustee To Operate The Debtor's Business And Pay The Certain Operating Expenses Of The Estate From March 19, 2026 Until The Hearing Pursuant To |

| **Designation No.** | **Filing Date** | **ECF No.** | **Document Description** |
|---|---|---|---|
| | | | 11 U.S.C. §§105(a) And 721 |
| 39 | 03/24/2026 | 166 | Order Authorizing And Approving The Employment Of MYC & Associates, Inc. As Property Manager And Real Estate Broker To The Chapter 7 Trustee |
| 40 | 04/08/2026 | 169 | Order Establishing Deadline For Filing Proofs Of Chapter 11 Administrative Expense Claims That Arose Either: (I) Between August 19, 2024 Through And Including January 29, 2026; Or (II) Pursuant To 11 U.S.C. §503(b)(9),And Approving Form, Manner Of Notice And Procedures Thereof |
| 41 | 04/26/2026 | 172 | Order Granting Motion To Authorize The Chapter 7 Trustee To Operate The Debtor's Business And Pay Certain Operating Expenses Of The Estate For A Limited Period From March 19, 2026 Through An Including July 21, 2026, And For Related Relief |
| 42 | 06/01/2026 | 178 | Notice of Discovery of Assets Proofs of Claims due by 08/31/2026 |
| 43 | 07/20/2026 | 210 | Order, Pursuant To 11 11 U.S.C. §§105(a) And 721, Authorizing The Chapter 7 Trustee To Continue To Operate The Debtor's Business And Pay Certain Operating Expenses Of The Estate For A Limited Period And For Related Relief |
| 44 | 07/21/2026 | 212 | Order: (A) Approving The Stalking Horse Terms And Conditions Of Sale Of The Debtor's Real Property And Improvements Located At 2281 Church Avenue, Brooklyn New York; (B) Approving Competing Terms And Conditions Of Sale; (C) Approving The Form And Manner Of Notice Of The Sale; (D) Scheduling A Hearing To Confirm The Sale; And (E) Granting Related Relief. The Sale Approving Hearing Shall Be Held Before This Court On 8/26/2026 At 11:30 AM At Courtroom 3529 |

## COUNTER-STATEMENT OF ISSUES ON APPEAL

1. Whether the United States District Court for the Eastern District of New York has subject matter jurisdiction to review the Order Denying Dismissal?

2. Whether the United States District Court for the Eastern District of New York has subject matter jurisdiction to review the Order Approving Sale Procedures?

3. Whether the Appellant-Debtor has standing to appeal the Order Denying Dismissal?

4. Whether the Appellant-Debtor has standing to appeal the Order Approving Sale Procedures?

5. Whether the Bankruptcy Court abused its discretion in concluding, after weighing the facts, that dismissal was not in the best interest of all parties and entering the Order Denying Dismissal?

6. Whether the Bankruptcy Court erred in marking off the Appellant-Debtor's motion for a stay pending the Bankruptcy Court's determination of Appellant-Debtor's motion to dismiss?

7. Whether the Bankruptcy Court erred in entering the Order Approving Sale Procedures?

Dated: August 5, 2026
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Appellee Lori Lapin Jones, as Trustee*

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Email: hrh@lhmlawfirm.com

CULLEN AND DYKMAN LLP
The Omni Building
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Bonnie L. Pollack, Esq.
Kyriaki A. Christodoulou, Esq.
bpollack@cullenllp.com
kchristodoulou@cullenllp.com

*Counsel for Flushing Bank*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| 2281 CHURCH AVENUE LLC | : | Case No. 24-43449 (JMM) |
| Debtor. | : | |

**APPELLEE FLUSHING BANK, A DIVISION OF OCEANFIRST BANK, N.A.'S DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND COUNTER-STATEMENT OF THE ISSUES ON APPEAL**

Pursuant to Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), appellee Flushing Bank, a Division of OceanFirst Bank, N.A. ("Flushing"), by its undersigned counsel, submits the following designation of additional items to be included in the record on the appeal and counter-statement of the issues on appeal from the: (i) Order Denying Debtor's Motion to Dismiss of the United States Bankruptcy Court for the Eastern District of New York (C.J. Mazer-Marino) ("Bankruptcy Court") entered on July 20, 2026 ("Order Denying Dismissal") [Bankr. Case No.:24-43449-jmmtoECF No. 205]; and (ii) Order: (A) Approving the Stalking Horse Terms and Conditions of Sale of the Debtor's Real Property and Improvements Located at 2281 Church Avenue, Brooklyn, New York 11226; (B) Approving Competing Terms and Conditions of Sale; (C) Approving the Form and Manner of Notice of the Sale; (D)

Scheduling a Hearing To Confirm the Sale; and (E) Granting Related Relief of the Bankruptcy Court entered on July 22, 2026 ("Order Approving Sale Procedures") [Bankr. Case No.: 24-43449-jmm, ECF No. 212].

**ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD**

Flushing has reviewed the additional documents set forth in the Appellee Designation of Contents for Inclusion in Record of Appeal (the "Trustee Designation") Filed by Holly R. Holecek on behalf of Lori Lapin Jones (the "Trustee") filed on August 5, 2026 [Dkt. No. 220], and concurs with the additional documents designated by the Trustee. Flushing has no additional documents to add to the record.

**COUNTER-STATEMENT OF ISSUES ON APPEAL**

Flushing has reviewed the counter-statement of issues contained in the Trustee Designation, and concurs with the counter-stated issues included therein. Flushing has no additional issues to add to the record.

Dated: Uniondale, New York
August 5, 2026

CULLEN AND DYKMAN LLP

*Counsel to Flushing Bank, a Division of OceanFirst N.A.*

By: *s/Bonnie L. Pollack*
Bonnie L. Pollack, Esq.
Kyriaki A. Christodoulou, Esq.
The Omni Building
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
bpollack@cullenllp.com
kchristodoulou@cullenllp.com

# Eastern District of New York
# Claims Register

1-24-43449-jmm 2281 Church Avenue LLC **Converted** 01/29/2026

| | |
|---|---|
| **Judge:** Jil Mazer-Marino | **Chapter:** 7 |
| **Office:** Brooklyn | **Last Date to file claims:** 08/31/2026 |
| **Trustee:** Lori Lapin Jones | **Last Date to file (Govt):** 02/17/2025 |

| | | |
|---|---|---|
| *Creditor:* (10386578)<br>NYC Water Board<br>Richard J Costa<br>Senior Counsel - Bureau of Legal Affairs<br>59-17 Junction Blvd, 13th Fl<br>Elmhurst, NY 11373-5108 | **Claim No: 1**<br>*Original Filed Date*: 08/22/2024<br>*Original Entered Date*: 08/22/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:*<br>*Modified:* |

Amount claimed: $48206.59
Secured claimed: $48206.59

*History:*

Details 1-1 08/22/2024 Claim #1 filed by NYC Water Board, Amount claimed: $48206.59 (admin)

*Description:*

*Remarks:* (1-1) Account Number (last 4 digits):4001

| | | |
|---|---|---|
| *Creditor:* (10413043)<br>Flushing Bank<br>c/o Cullen and Dykman LLP<br>Attn Bonnie Pollack<br>333 Earle Ovington Blvd, 2nd Floor<br>Uniondale, NY 11553 | **Claim No: 2**<br>*Original Filed Date*: 10/25/2024<br>*Original Entered Date*: 10/25/2024 | *Status:* Withdraw 41<br>*Filed by:* CR<br>*Entered by:* Bonnie Pollack<br>*Modified:* |

Amount claimed: $1642601.15
Secured claimed: $1642601.15

*History:*

Details 2-1 10/25/2024 Claim #2 filed by Flushing Bank, Amount claimed: $1642601.15 (Pollack, Bonnie )
41 10/25/2024 Withdrawal of Claim Nos. 2 (Flushing Bank) (webclaimusr) Status: Withdraw

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (10413043)<br>Flushing Bank<br>c/o Cullen and Dykman LLP<br>Attn Bonnie Pollack<br>333 Earle Ovington Blvd, 2nd Floor<br>Uniondale, NY 11553 | **Claim No: 3**<br>*Original Filed Date*: 10/25/2024<br>*Original Entered Date*: 10/25/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bonnie Pollack<br>*Modified:* |

Amount claimed: $1642601.15
Secured claimed: $1642601.15

*History:*

Details 3-1 10/25/2024 Claim #3 filed by Flushing Bank, Amount claimed: $1642601.15 (Pollack, Bonnie )

*Description:*

*Remarks:*

*Creditor:* (10385059)
Calvin Cross
c/o Law Offices of Bernard D'Orazio & As
238 West 139th Street
New York, NY 10030

**Claim No: 4**
*Original Filed Date*: 11/12/2024
*Original Entered Date*: 11/12/2024

*Status:*
*Filed by:* CR
*Entered by:* Bernard D'Orazio
*Modified:*

Amount claimed: $529267.99
Secured claimed: $529267.99

*History:*

Details 4-1 11/12/2024 Claim #4 filed by Calvin Cross, Amount claimed: $529267.99 (D'Orazio, Bernard )

*Description:*

*Remarks:*

*Creditor:* (10385070)
Tralon Ellis
c/o Law Offices of Bernard D'Orazio & As
238 West 139th Street
New York, NY 10030

**Claim No: 5**
*Original Filed Date*: 11/12/2024
*Original Entered Date*: 11/12/2024

*Status:*
*Filed by:* CR
*Entered by:* Bernard D'Orazio
*Modified:*

Amount claimed: $330792.49
Secured claimed: $330792.49

*History:*

Details 5-1 11/12/2024 Claim #5 filed by Tralon Ellis, Amount claimed: $330792.49 (D'Orazio, Bernard )

*Description:*

*Remarks:*

*Creditor:* (10578124)
NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-1
C/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9741

**Claim No: 6**
*Original Filed Date*: 09/30/2025
*Original Entered Date*: 09/30/2025
*Last Amendment Filed*: 11/26/2025
*Last Amendment Entered*: 11/26/2025

*Status:*
*Filed by:* CR
*Entered by:* Greg P Campbell
*Modified:*

Amount claimed: $157406.11
Secured claimed: $157406.11

*History:*

Details 6-1 09/30/2025 Claim #6 filed by NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-1, Amount claimed: $157406.11 (Campbell, Greg )

Details 6-2 11/26/2025 Amended Claim #6 filed by NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-1, Amount claimed: $157406.11 (Campbell, Greg )

*Description:* (6-2) 8452

*Remarks:*

*Creditor:* (10681899)
Kamini Fox, PLLC
825 East Gate Blvd., Suite 308

**Claim No: 7**
*Original Filed Date*: 04/06/2026

*Status:*
*Filed by:* CR
*Entered by:* Kamini Fox

*History:*

Details 7-1 04/06/2026 Claim #7 filed by Kamini Fox, PLLC, Amount claimed: $36928.00 (Fox, Kamini )

*Description:* (7-1) ADMINISTRATIVE CLAIM

*Remarks:*

Garden City, NY 11530 | *Original Entered Date*: 04/06/2026 | *Modified:*

Amount claimed: $36928.00

*History:*

Details 7-1 04/06/2026 Claim #7 filed by Kamini Fox, PLLC, Amount claimed: $36928.00 (Fox, Kamini )

*Description:* (7-1) ADMINISTRATIVE CLAIM

*Remarks:*

*Creditor:* (10698446)
NYC Office of Administrative Trials & Hearings
66 John Street 11th Floor
New York, NY 10038

**Claim No: 8**
*Original Filed Date*: 05/06/2026
*Original Entered Date*: 05/06/2026

*Status:*
*Filed by:* CR
*Entered by:*
*Modified:*

Amount claimed: $3549.57
Secured claimed: $3549.57

*History:*

Details 8-1 05/06/2026 Claim #8 filed by NYC Office of Administrative Trials & Hearings, Amount claimed: $3549.57 (admin)

*Description:*

*Remarks:*

*Creditor:* (10700896)
NYC Department of Finance
375 Pearl Street, 29th Floor
Attn: Lesley Spencer-Mhya
New York, NY 10038

**Claim No: 9**
*Original Filed Date*: 05/12/2026
*Original Entered Date*: 05/12/2026
*Last Amendment Filed*: 05/14/2026
*Last Amendment Entered*: 05/14/2026

*Status:*
*Filed by:* CR
*Entered by:*
*Modified:* 05/14/2026

Amount claimed: $16218.85
Priority claimed: $16218.85

*History:*

Details 9-1 05/12/2026 Claim #9 filed by NYC Department of Finance, Amount claimed: $6131.65 (admin)

Details 9-2 05/14/2026 Amended Claim #9 filed by NYC Department of Finance, Amount claimed: $16218.85 (admin)

*Description:*

*Remarks:*

*Creditor:* (10704479)
Dahiya Law Offices LLC
111 John Street Suite 1860
New York New York 10038

**Claim No: 10**
*Original Filed Date*: 05/18/2026
*Original Entered Date*: 05/18/2026

*Status:*
*Filed by:* CR
*Entered by:* Karamvir Dahiya
*Modified:*

*History:*

Details 10-1 05/18/2026 Claim #10 filed by Dahiya Law Offices LLC, Amount claimed: $32250.00 (Dahiya, Karamvir )

*Description:* (10-1) Time records shall be provided upon Court's direction or upon 11 usc 330 app

*Remarks:*

Amount claimed: $32250.00
Priority claimed: $32250.00

*History:*
Details 10-1 05/18/2026 Claim #10 filed by Dahiya Law Offices LLC, Amount claimed: $32250.00 (Dahiya, Karamvir )

*Description:* (10-1) Time records shall be provided upon Court's direction or upon 11 usc 330 app
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (10689193)<br>Gerard R. Luckman, Esq.<br>333 Earle Ovington Blvd., Suite 1010<br>Uniondale, NY 11553 | **Claim No: 11**<br>*Original Filed Date*: 05/18/2026<br>*Original Entered Date*: 05/18/2026 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Gerard R Luckman<br>*Modified:* |

Amount claimed: $40097.50
Priority claimed: $40097.50

*History:*
Details 11-1 05/18/2026 Claim #11 filed by Gerard R. Luckman, Esq., Amount claimed: $40097.50 (Luckman, Gerard )

*Description:* (11-1) Fees incurred as sub v trustee
*Remarks:*

## Claims Register Summary

**Case Name:** 2281 Church Avenue LLC
**Case Number:** 1-24-43449-jmm
**Chapter:** 7
**Date Filed:** 08/19/2024
**Total Number Of Claims:** 11

| | |
|---|---|
| **Total Amount Claimed*** | $4479919.40 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $4354425.05 | |
| **Priority** | $88566.35 | |
| **Administrative** | | |

Information to identify the case:

| | | | |
|---|---|---|---|
| Debtor | 2281 Church Avenue LLC<br>Name | EIN: | 82−1453850 |
| United States Bankruptcy Court | Eastern District of New York | Date case filed in chapter: | 11 8/19/24 |
| Case number: | 1−24−43449−jmm | Date case converted to chapter: | 7 1/29/26 |

# TRANSMITTAL OF ADDITIONAL RECORD ON APPEAL

**TO THE CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:**

A Notice of Appeal was filed on July 15, 2026 by Kenechukwu C Okoli on behalf of 2281 Church Avenue LLC., appealing Order Denying Debtor's Motion to Dismiss., document number 205.

Pursuant to Bankruptcy Rule 8010(b)(1), the following additional documents are being transmitted:

ECF Nos. 1, 101, 105, 107, 113−114, 116, 119−124, 126−127, 130−136, 138−147, 151, 155, 162−163, 165−166, 169, 172−173, 176−178, 183−184, 187, 191−194, 196, 200, 205, 210, 212−214, 219−221, Claims Register

Dated: August 19, 2026

Paul Dickson, Clerk of Court

By: s/Jasmin Gomez

Deputy Clerk

**BLadroap.jsp** [Transmittal of Additional Record on Appeal 04/17/17]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: admin | Date Created: 8/19/2026 |
| Case: 1−24−43449−jmm | Form ID: 770 | Total: 25 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| cr | Flushing Bank |
| cr | Tralon Ellis |
| cr | Calvin Cross |
| cr | Nationstar Mortgage LLC |
| cr | NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017−1 |
| intp | Debbie A. Harris−David |

TOTAL: 6

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the United States Trustee | USTPRegion02.BR.ECF@usdoj.gov |
| tr | Lori Lapin Jones | ljones@jonespllc.com |
| aty | Anthony F. Giuliano | afg@glpcny.com |
| aty | Bernard D'Orazio | bdorazio@dorazio−law.com |
| aty | Bonnie Pollack | bpollack@cullenanddykman.com |
| aty | Holly R. Holecek | hrh@lhmlawfirm.com |
| aty | Jenelle C Arnold | bkecfinbox@aldridgepite.com |
| aty | Kamini Fox | kamini@kfoxlaw.com |
| aty | Karamvir Dahiya | karam@dahiya.law |
| aty | Kenechukwu C Okoli | kcokoli@verizon.net |
| aty | Kyriaki Christodoulou | kchristodoulou@cullenllp.com |

TOTAL: 11

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | |
|---|---|
| db | 2281 Church Avenue LLC 2281 Church Avenue Brooklyn, NY 11226 |
| op | Arnold E. DiJoseph 50 Broadway Suite 800 New York, NY 10004 |
| sp | Schwartz, Conroy & Hack, PC 666 Old Country Rd Suite 900 Garden City, NY 11530 |
| br | Jackie Henry Realty 280 Route 211 East Suite 7 Middletown, NY 10940 |
| aty | Kamini Fox, PLLC Kamini Fox, PLLC 825 E GATE BLVD STE 308 Suite 308 Garden City, NY 11530 UNITED STATES |
| acc | Giambalvo, Stalzer & Company, CPAS, P.C. 3500 Sunrise Hwy. Suite 100, Bldg. 200 Great River, NY 11736 |
| br | MYC & Associates, Inc. 1110 South Avenue Suite 22 Staten Island, NY 10314 |
| aty | LaMonica Herbst & Maniscalco, LLP 3305 Jerusalem Avenue Suite 201 Wantagh, NY 11793 |

TOTAL: 8