UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2281 CHURCH AVENUE LLC,

*Appellant*,

– against –

LORI LAPIN JONES and FLUSHING BANK,

*Appellees*.

**MEMORANDUM & ORDER**
26-cv-04446 (NCM)

**NATASHA C. MERLE**, United States District Judge:

Appellant 2281 Church Avenue LLC ("Church Avenue" or "appellant"), a Chapter 7 debtor in bankruptcy proceedings, requests to stay the foreclosure sale of the Church Avenue property pending an appeal of an order entered by the Bankruptcy Court denying its motion to dismiss. *See* Declaration of K.C. Okoli in Support of Stay of Bankruptcy Court Proceedings Pending Appeal ("Stay Decl.") ¶¶ 14–15, ECF No. 2-1; Reply 5–6, ECF No. 6.[1] For the reasons set forth below, appeallant's request for a stay pending appeal is **DENIED**.

## BACKGROUND

This action arises from Church Avenue's August 19, 2024, petition for Chapter 11 relief in the United States Bankruptcy Court for the Eastern District of New York. Motion for Leave to Appeal and for Stay of Bankruptcy Proceedings Pending Appeal ("Motion for Leave to Appeal") ¶ 18, ECF No. 1. On August 11, 2025, Flushing Bank, one of then debtor-

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Church Avenue's creditors, moved to convert the Chapter 11 case to a Chapter 7 case. Appellee Lori Lapin Jones Opposition to Order to Show Cause ("Jones Opposition") 9, ECF No. 3. In October 2025, the Bankruptcy Court conditionally granted Flushing Bank's motion to convert and directed debtor to sell the Church Avenue property ("subject property") within 60-days. Jones Opp'n 9; *see* Order Conditionally Granting Flushing Bank's Motion to Convert Chapter 11 Case, Bankr. Dkt. No. 113.[2] The deadline to sell was extended twice, and by January 20, 2026, Church Avenue had not sold the property. Jones Opp'n 9. On January 29, 2026, the Bankruptcy Court converted the Chapter 11 case to a Chapter 7 case. Motion for Leave to Appeal ¶ 18. Appellee Lori Lapin Jones was appointed as the Chapter 7 Trustee to manage the property, pay off debts, and sell the property. Jones Opp'n 6, 10–11.

On May 18, 2026, Church Avenue filed a motion to dismiss the Chapter 7 case arguing that it secured a $3.6 million loan to pay off all debts. Motion for Leave to Appeal 16–17, 18–19. Three days later, Church Avenue filed a motion to stay the Chapter 7 case until resolution of the motion to dismiss. Motion for Leave to Appeal 42–43. The Bankruptcy Court scheduled a hearing on the motion to dismiss for June 11, 2026. Bankr. Dkt. Entry dated May 19, 2026. With consent of the parties, the hearing was rescheduled for June 24, 2026, when the Bankruptcy Court would also take up the motion to stay. Reply 4. On June 24, 2026, the Bankruptcy Court rescheduled the hearing to July 13, 2026. Reply 4–5. On June 25, 2026, the Chapter 7 Trustee filed a motion seeking court

[2] Citations to "Bankr. Dkt." refer to docket entries in Church Avenue's proceeding pending in Bankruptcy Court. *See In re 2281 Church Avenue LLC*, No. 24-43449 (Bankr. E.D.N.Y.).

approval of Stalking Horse Terms and Conditions of Sale of the subject property ("Stalking Horse motion") to a prospective buyer. Bankr. Dokt. No. 191; Jones Opp'n 14.

On July 13, 2026, the Bankruptcy Court heard oral arguments on the motion to dismiss and the Stalking Horse motion. The Bankruptcy Court ruled orally and held: (1) Church Avenue motion to dismiss was denied, Bankr. Dkt. Entry dated July 13, 2026[3]; (2) Church Avenue's motion to stay pending the motion to dismiss was "Marked Off in Open Court," Bankr. Dkt. Entry dated July 13, 2026; and (3) the Chapter 7 Trustee's Stalking Horse motion was granted, Bankr. Dkt. Entry dated July 13, 2026.

The deadline for bids on the property is August 21, 2026. According to appellee Flushing Bank, a binding contract of sale is in place for $4,550,000. Appellee Flushing Bank Opposition on Order to Show Cause ("Flushing Bank Opposition") 15, ECF No. 5. A Sale Approval Hearing is scheduled for August 26, 2026, during which the Bankruptcy Court will decide whether to confirm the sale of the subject property. Order, Bankr. Dkt. No. 212. Appellant did not file a request to stay pending appeal with the Bankruptcy Court before filing the instant motion in district court. *See* Stay Decl. ¶ 6.

## DISCUSSION

Appellant argues the Court has jurisidiction to consider the merits of its motion to stay the foreclosure sale pending appeal because the motion is not barred by Bankruptcy Rule 8007, and appellant has standing. Reply 3–6. Appellees Jones and Flushing Bank argue that the instant motion is improper because Bankruptcy Rule 8007 requires appellant to first seek relief before the Bankruptcy Court. Jones Opp'n 17–19; Flushing Bank Opp'n 8–10. Appelle Jones argues that independantly and equally dispositive is

3 That denial was later confirmed in a written order. *See* Bankr. Dkt. No. 205.

appellant's failure to demonstrate standing. Jones Opp'n 19–21. The Court agrees with appellees on both fronts.

## I. Bankruptcy Rule 8007

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, the district court may suspend proceedings in a case pending disposition of an appeal. *See In re GOL Linhas Aereas Inteligentes S.A.*, No. 25-cv-04610, 2025 WL 1591830, at *3 (S.D.N.Y. June 5, 2025). Before the district court "reaches the merits of [the appellant's] motion to stay the bankruptcy court's order[], the [district] court must determine whether it has jurisdiction to hear [the] appeal." *In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012) (quoting *In re 347 Linden,* No. 11-cv-01990, 2011 WL 2413526, at *4 (E.D.N.Y. June 8, 2011)); *see Jesmeen v. Cortegiano*, No. 22-cv-07860, 2023 WL 2734777, at *2–3 (E.D.N.Y. Mar. 30, 2023) (finding district court lacked jurisdiction to hear emergency order to stay foreclosure sale of property where the appellant did not move for a stay in bankruptcy court first).[4]

Generally, a party seeking a stay of a bankruptcy court's "judgment, order, or decree pending appeal" in district court, must first make a motion before the bankruptcy judge presiding over its bankruptcy case. Fed. R. Bank. P. 8007(a). If a party appeals directly to the district court, the party must "show that moving first in bankruptcy court would be impracticable." Fed. R. Bank. P. 8007(b)(2). A party asking the district court to excuse compliance with Rule 8007(a) because of "impracticability" must show that "the bankruptcy judge is unavailable, or that to be effective, relief must be immediate, and that based upon what occurred in bankruptcy court, relief from it is improbable." *In re BGI,*

4 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014) (quoting 10 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 8005.11, at 10–8005 (16th ed. 2013)).

Here, Church Avenue acknowledges that it did not first request that the bankruptcy judge stay the foreclosure sale. *See* Stay Decl. ¶ 6. Instead, appellant argues that compliance with Rule 8007 is excusable because such a request for relief would have been "futile." Reply 4–6. Appellant contends that given "the conduct of the court before and during the [July 13, 2026] hearing," "the chronology and timing of the [bankruptcy proceedings]," and "the general courtroom atmosphere at the hearing," it was evident that the Bankruptcy Court would not entertain a stay pending appeal and would do nothing to delay the sale. Reply 5–6.

Appellant's reliance on the Bankruptcy Court twice rescheduling a hearing on appellant's motion to dismiss the Chapter 7 case does not establish the impracticability of moving before that court in the first instance. *See* Reply 4–5, 6. The Bankruptcy Court promptly scheduled hearings on both of appellant's motions. *Compare* Motion to Dismiss (filed on May 18, 2026), Bankr. Dkt. No. 173, *with* Bankr. Dkt. Entry dated May 19, 2026 (scheduling hearing on motion to dismiss); *compare* Emergency Amended Motion to Stay Pending Motion to Dismiss (filed May 23, 2026), Bankr. Dkt. No. 177, *with* Bankr. Dkt. Entry dated May 29, 2026 (scheduling hearing on motion to stay). The hearings were rescheduled twice, including once with appellant's consent, and the day after the hearing was rescheduled for the second time, appellee Jones filed the Stalking Horse motion. Reply 4–5. Appellant implies that there was some impropriety in the timing of the second rescheduling of the hearing by the court and the Stalking Horse motion. Appellant offers no support, from the record or otherwise, that this procedural history of the bankruptcy process signaled the Bankruptcy Court was unwilling to consider appellant's motions. The

Court declines to speculate that the Bankruptcy Court's rescheduling of the hearing was intended to benefit appellees. *See also Moore v. Herrera-Edwards*, No. 17-cv-00508, 2018 WL 8582442, at *1–2 (M.D. Fla. Sep. 20, 2018) (finding procedural history of the case, including the bankruptcy court's prior rulings against the appellant, did not demonstrate that the "bankruptcy court would not render a fair and impartial decision about whether to stay its order"); *In re Smith*, No. 18-cv-03259, 2019 WL 2189490, at *2 (D. Colo. May 21, 2019) (finding the appellant's argument that the bankruptcy court's prior rulings against it demonstrated bias was unsupported by the record and fails to show why moving before the bankruptcy court was impracticable); *In re Lamberth*, 24-cv-00490, 2024 WL 1513256, at *2 (M.D. Fla. Apr. 8, 2024) (finding the debtor's argument that the "judge is acting in collusion with the trustee" fails to establish how filing a motion to stay was impracticable).

Appellant has not shown that the procedural history of the bankruptcy proceedings otherwise demonstrate that the Bankruptcy Court was "unavailable" or that it was improbable for the Bankruptcy Court to render a timely decision before the August 21, 2026, deadline for bids or the August 26, 2026, Sale Approval Hearing. Rather, the procedural history of the case demonstrates that the Bankruptcy Court was active in managing Church Avenue's Chapter 11 reorganization during its 17-month pendency before Chapter 7 conversion. *See e.g.*, Bankr. Dkt. No. 23 (issuing order on August 22, 2024 to schedule hearing on debtor's August 21, 2024 motion to shorten and limit notice); Bankr. Dkt. Entry dated Dec. 4, 2024 (holding hearing on Church Avenue's motion to stay and granting motion); Bankr. Dkt. Entry dated Mar. 5, 2025 (holding hearing on Church Avenue's amended reorganization plan); Bankr. Dkt. No. 135 (issuing second extension of deadline for Church Avenue to market and sell the subject property). And once

appellant moved to dismiss the Chapter 7 proceedings, the bankruptcy judge promptly scheduled a hearing and ruled on the motion. *See* Motion to Dismiss, Bankr. Dkt. No. 173; Bankr. Dkt. Entry dated May 19, 2026; Bankr. Dkt. Entry dated July 13, 2026; Order, Bankr. Dkt. No. 205. This history does not demonstrate that the court was unavailable to rule on any motion by Church Avenue or that relief in the necessary time frame was impracticable.

Appellant additionally points to the Bankruptcy Court's "perfunctor[y]" marking "off" of its request to stay the Chapter 7 proceedings pending resolution of its motion to dismiss as prognostic of an unfavorable ruling on a motion to stay the foreclosure sale.[5] Reply 5. However, Church Avenue's motion to stay the Chapter 7 proceedings was linked to its motion to dismiss those proceedings. Once the motion to dismiss was denied, a decision on the request to stay Chapter 7 proceedings was rendered unnecessary. *See Vivenzio v. Pruess*, No. 20-cv-04185, 2022 WL 992571, at *5 (E.D.N.Y. Mar. 31, 2022) (affirming bankruptcy court's marking off of a hearing on the Chapter 13 debtor's plan upon granting the chapter 13 trustee's motion to dismiss the case entirely); *In re Clark*, 401 B.R. 75, 85–87 (Bankr. D. Conn. 2009) (marking off order to show cause where court determined its issuance was unnecessary because the bases of the order to show cause—a provision of the Bankruptcy Code and a Federal Rule of Bankruptcy Procedure—were inapplicable). Appellant has not made clear how the bankruptcy judge's determination that its request to stay the Chapter 7 proceedings no longer needed to be resolved indicates that a prospective request to stay the sale would have been futile. *See In re*

---

5 The parties do not offer a precise definition of "marked off" the calendar in Bankruptcy Court. *See* Bankr. Dkt. Entry dated July 13, 2026. The Court understands "marked off" to mean a motion or order is unnecessary and no longer needs to be ruled on.

*Strong*, No. 17-50646, 2018 WL 936103, at *3 (D. Del. Feb. 14, 2018) (finding that an appellant's assumption that the bankruptcy court would rule against him was not a sufficient reason to seek a stay in the first instance in the district court).

Moreover, general assertions about the atmosphere in Bankruptcy Court, without more, are unavailing. *See In re BGI, Inc.*, 504 B.R. at 761 ("[D]istrict courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not *adequately explained*.") (emphasis added); *see also In re Taub*, 470 B.R. at 277 (finding nothing in the bankruptcy court's orders indicating the bankruptcy court "would not consider all evidence, listen to all parties, and make an impartial and fair decision"); *In re 347 Linden LLC*, 2011 WL 2413526, at *4 (declining to find moving in bankruptcy court first was impracticable where the debtor argued the bankruptcy court's sua sponte dismissal "indicated" that it would not grant the appellant the relief sought).

Thus, given that appellant has not established an excuse for its noncompliance with Rule 8007, the Court lacks jurisdiction to consider the motion for a stay of the foreclosure sale. *See Jesmeen*, 2023 WL 2734777, at *2–3; *Buczek v. KeyBank Nat'l Ass'n*, No. 20-cv-00080, 2020 WL 1435101, at *2 (W.D.N.Y. Mar. 24, 2020); *see also In re Residential Capital LLC*, 560 F. App'x 100, 101 (2d Cir. 2014) (summary order) (dismissing appeal as moot after noting that the district court had denied the appellant's motion to stay because he had failed to move first before the bankruptcy court). Accordingly, appellant's motion is denied.

## II. Standing

Separately, appellee Jones, the Chapter 7 Trustee, argues appellant also lacks standing to seek a stay of the sale pending appeal because only the Chapter 7 Trustee has

the power to assert legal claims on behalf of the debtor. Jones Opp'n 19–21. Appellant only makes a general assertion that it has standing to appeal. Reply 3. The commencement of a Chapter 7 proceeding "creates an estate which—with exceptions—includes all legal or equitable interests of the debtor in property as of the commencement of the case." *In re 461 7th Ave. Mkt., Inc.*, 623 B.R. 681, 689 (S.D.N.Y. 2020) *aff'd on other grounds*, No. 20-3555, 2021 WL 5917775 (2d Cir. Dec. 15, 2021) (quoting 11 U.S.C. § 541(a)(1)). A Chapter 7 trustee, once appointed, "is the representative of the estate," 11 U.S.C § 323(a), and "assumes control over the debtor's entire estate and all such interests[.]" *Quest Ventures, Ltd. v. IPA Mgmt. IV, LLC*, No. 17-cv-04026, 2018 WL 922145, at *1 (E.D.N.Y. Feb. 15, 2018). "[C]ontrol is not limited to . . . management. The trustee also assumes the sole power to prosecute legal claims on behalf of the debtor." *Id.* at *2.

Here, appellant fails to establish it has standing to seek a stay of the foreclosure sale. Rather, the Chapter 7 Trustee has the authority to bring claims on behalf of the debtor under the circumstances here. Thus, the question is, in light of the trustee assuming control over the estate and "legal or equitable interests of the debtor in property," can appellant still seek a stay on the debtor's behalf. *In re 461 7th Ave. Mkt.*, 623 B.R. at 689. Courts routinely find that a debtor, like appellant, does not have standing to object to the manner in which the trustee administers the bankruptcy estate. *See, e.g.*, *id.* (holding the appellant, Chapter 7 debtor, lacked standing to seek a stay pending appeal after appointment of the trustee); *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 375 B.R. 719, 725 (S.D.N.Y. 2007) ("[O]nly the trustee[] can sue and be sued on behalf of the estate."); *In re Hopkins*, 346 B.R. 294, 303–04 (Bankr. E.D.N.Y. 2006) (finding the trustee, not the chapter 7 debtor, had standing to bring an adverse possession claim

because the trustee had legal custody over the estate as its designated fiduciary); *In re Roussopoulos*, 198 B.R. 33, 44 n.9 (Bankr. E.D.N.Y. 1996) ("[A]n insolvent Chapter 7 debtor lacks standing to challenge a proposed sale of estate property because he lacks a pecuniary interest in such property."); *see also* 1 Bankruptcy Law Manual § 2:50 (5th ed.) ("[C]ourts have held that normally the case trustee, and not the debtor, has standing to appeal from a bankruptcy court order which confirms or rejects sales of property of the estate.")

One exception to this determination that debtors no longer have standing is when there is a surplus of assets after the creditors' claims are paid. *See In re 60 E. 80th St. Equities*, 218 F.3d 109, 115 (2d Cir. 2000) ("It is well-established that a Chapter 7 debtor is a party in interest and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid."). However, appellant has not argued that the sale of assets will result in a surplus such that it can assert the interest of the estate and move to stay the foreclosure sale. 11 U.S.C. § 1109(b). Accordingly, appellant lacks standing to seek a stay of the foreclosure sale.

## CONCLUSION

For the reasons stated above, Church Avenue's motion for stay pending appeal is denied.

**SO ORDERED.**

*/s/Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: August 20, 2026
Brooklyn, New York